**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| CAROLYN H. MALONE,<br><br>Plaintiff,<br><br>vs.<br><br>SEATTLE POLICE DEPARTMENT, JON ENGSTROM, Police Officer, JASON BENDER, Police Officer, PATRICK HASKINS, Police Officer, B. CONWAY, Police Officer<br><br>Defendants. | NO. 2:19-cv-00868-MJP<br><br>DEFENDANTS MOTION FOR SUMMARY JUDGMENT<br><br>**NOTE THE CALENDAR**<br>**Friday, July 24, 2020** |

## I. RELIEF REQUESTED

Defendants Seattle Police Department, and Seattle Police Department Officers Jon Engstrom, Jason Bender, Patrick Haskins, and B Conway, hereafter Defendants, moves for summary dismissal of Plaintiff's Complaint for the reasons set forth below. Specifically, Plaintiff's Complaint fails to identify facts from which this Court could conclude that the City, through a custom, policy, or practice, caused a constitutional violation of Plaintiff's rights required for a *Monell* claim. Additionally, Plaintiff's Complaint fails to identify any facts from which the Court could conclude that Seattle Police Department Officers, Jon Engstrom, Jason Bender, Patrick Haskins, and B Conway hereafter SPD Defendants, proximately caused or even

contributed to the suspension of Plaintiff's Washington State issued operator's license as alleged. Plaintiff's Washington State operator's license was suspended because she failed to submit to a medical examination and Plaintiff cannot show that any of the Seattle Defendants participated in or contributed to her suspension and therefore Defendants' Motion for Summary Judgment should be granted, and Plaintiff's Complaint dismissed in its entirety.

## II.   ISSUE PRESENTED

Should the Court grant Defendants Motion for Summary Judgment dismissal when Plaintiff's Complaint, reviewed in the light most favorable to Plaintiff, fails to establish that a City custom, policy, or practice caused a violation of her constitutional rights, and when Plaintiff's Complaint fails to establish that any actions by the individual officers caused the suspension of her Washington State issued operator's license as alleged?

## III.   EVIDENCE RELIED UPON

Defendants rely upon the Declaration of Counsel and the exhibits attached thereto, and the Declarations and exhibits of Officers Jon Engstrom, Jason Bender, Patrick Haskins[1], and the evidence and authorities cited herein.

## IV.   FACTS

Plaintiff's Complaint alleges that Defendants Seattle Police Department and Officers, Jon Engstrom, Jason Bender, Patrick Haskins, and B Conway, "arbitrarily and without just cause and due process suspended my (sic) driver license for five years without any prior formal written or courier delivered notification…" on July 16, 2017.  Plaintiff's Complaint, pg. 5A

---

[1] Officer B Conway has been on extended leave from the Department and efforts to obtain his Declaration before the filing of this motion were unsuccessful.

DEFENDANTS MOTION FOR SUMMARY JUDGMENT No. 2:19-cv-00868-MJP

2

FREIMUND JACKSON & TARDIF, PLLC
900 SW 16TH STREET, SUITE 215
RENTON, WA  98057
TELEPHONE: (206) 582-6001
FAX: (206) 466-6085

(continued).  Pg. 6 of 15.  Plaintiff's Complaint alleges that SPD Defendants "used their law enforcement skills, technology, and records access to alter my driving records instantly on July 16, 2017…"  Pg. 10 of 15.  Plaintiff concludes that "Seattle police officers and Seattle fire fighters (sic) the violation of my civil rights by terminating my driving rights for an extreme five years…" pg. 11 of 15.

Plaintiff's Initial Disclosures contained an abstract of her driving record upon which Plaintiff made handwritten notations.  Dec. of Counsel, **Exhibit 1**.  None of the citations or infractions on the abstract were written or issued by Defendants Officers Engstrom, Bender, Haskins, or Conway.  Declarations of Engstrom, Bender, and Haskins.  *See also* Dec. of Counsel, **Exhibit 2.**  Moreover, the driving abstract verified by Plaintiff in her Initial Disclosures indicates that her license was suspended because she "Failed to submit medical evaluation."  Consequently, even if Officers Engstrom, Bender, Haskins, and Conway issued the citations alleged, the citations were not the cause of her license suspension or the alleged depravation of her Constitutional Rights as alleged in her Complaint.

## V.   ARGUMENT

**A.   Summary Judgment Standard**

Summary judgment should be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex *Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  The moving party may challenge the sufficiency of the evidence to support the nonmoving party's case without the need to support the motion with affidavits or other evidence negating the opponent's claims.  *Celotex Corp. v. Catrett,* 477 U.S. 317, *Id.* at 323.  A moving party may not

DEFENDANTS MOTION FOR SUMMARY JUDGMENT No. 2:19-cv-00868-MJP

3

FREIMUND JACKSON & TARDIF, PLLC
900 SW 16TH STREET, SUITE 215
RENTON, WA 98057
TELEPHONE: (206) 582-6001
FAX: (206) 466-6085

rest on the allegations in its pleadings but must produce evidence in the form of affidavits, depositions, or other material to show there are genuine issues of material fact for trial to defeat the moving party's motion for summary judgment. *Id.* at 324. A nonmoving party's failure to come forward with such evidence entitles the moving party to judgment as a matter of law. *Id.* at 323. Here, Plaintiff cannot present any evidence to establish a genuine issue of fact regarding the suspension of her Washington State operators license, nor can she present any evidence to establish her claim that the City of Seattle Police Department or that the Seattle Defendants are responsible.

### 1. Plaintiff's Complaint Fails To Allege That A Municipal Policy Was The Cause Of A Constitutional Violation

Plaintiff cannot present any set of facts identified in her Complaint from which this court could conclude that an official Seattle Police Department policy or practice led to a violation of her constitutional rights. Plaintiff seeking to impose liability on a municipality under § 1983 is required "to identify a municipal policy or custom that caused the plaintiff's injury." *Bd. of Cnty. Comm'rs v. Brown*, 250 U.S. 397, 403, (1997) (citing *Monell*, 436 U.S. at 694; *Pembaur v. Cincinnati,* 475 U.S. 469, 480-81 (1986)*; and City of Canton v. Harris,* 489 U.S. 378 (1989)). A *Monell* claim may be stated under three theories of municipal liability: (1) when official policies or established customs inflict a constitutional injury; (2) when omissions or failure to act amount to a local government policy of deliberate indifference to constitutional rights; or (3) when a local government official with final policy-making authority ratifies a subordinates' unconstitutional conduct. *Clouthier v. Cnty. Of Contra Costa,* 591 F.3d 1232, 1249-50 (9th Cir. 2010).

DEFENDANTS MOTION FOR SUMMARY JUDGMENT No. 2:19-cv-00868-MJP

4

FREIMUND JACKSON & TARDIF, PLLC
900 SW 16TH STREET, SUITE 215
RENTON, WA 98057
TELEPHONE: (206) 582-6001
FAX: (206) 466-6085

Here, Plaintiff cannot establish a *Monell* claim under any of the three recognized theories because Plaintiff cannot identify any official Seattle Police Department policy or practice that led to the constitutional deprivation alleged. Here, Plaintiff cannot identify any act, omission, or failure to act that was indifferent to her constitutional rights, and here, Plaintiff cannot identify a Seattle Police Department policy making official who ratified the acts that she alleges deprived her of her constitutional rights. The failure of Plaintiff to produce evidence to satisfy the elements of these three theories of liability should result in the granting of Defendant's motion for summary judgment and the dismissal of Plaintiff's *Monell* claim against the City.

**2.   Plaintiff's Complaint Fails to Identify Facts From Which The Court Could Determined That the Conduct of the Officers Deprived Plaintiff of A Constitutional Right**

Plaintiff's Complaint fails to identify facts from which a trier of fact could conclude that the actions of Defendants Engstrom, Bender, Haskins, or Conway led to the suspension of Plaintiff's Washington State operator's license and the constitutional deprivation alleged as a result. The exclusive statutory authority to revoke or suspend a motor vehicle operator's licenses in Washington rests with the Director of the Washington State Department of Licensing. *See* RCW 46.20.291. The power to suspend rests with the Director and is non-delegable. *Ledgering v. State*, 63 Wn.2d 94, 385 P.2d 522, (1963). There is no constitutional right to a hearing prior to a suspension of a motor vehicle operator's license and persons who have their operator's licenses suspended may obtain de novo review in superior court. RCW 46.12.240. *See Gnecchi v. State*, 58 Wn.2d 467, 364 P.2d 225 (1961). Plaintiff fails to offer any evidence from which this Court could conclude that any of the City Defendants took any

DEFENDANTS MOTION FOR SUMMARY JUDGMENT No. 2:19-cv-00868-MJP

5

FREIMUND JACKSON & TARDIF, PLLC
900 SW 16TH STREET, SUITE 215
RENTON, WA 98057
TELEPHONE: (206) 582-6001
FAX: (206) 466-6085

action to deprive Plaintiff of an opportunity to contest the notice or suspension of her license for her failure to submit to a medical examination that resulted in the suspension of her license.

Even if Plaintiff could establish that the Seattle Defendants issued her any of the citations identified on her driver's abstract, Plaintiff still could not establish that the Seattle Defendant's actions were a cause of her license suspension. Plaintiff's driving abstract indicates that her operator's license was suspended for failure to submit to a medical evaluation and not because she had too many moving violations. Plaintiff's Complaint does not provide any connection between the citations contained on her driving abstract and her suspension and absent this connection, Plaintiff's Complaint should be dismissed and Defendants motion for summary judgment granted.

## VI.  CONCLUSION

Plaintiffs Washington State operator's license was suspended for her failure to submit to a medical examination and Plaintiff fails to provide any connection between her suspension and an official policy or custom of the Seattle Police Department. Likewise, Plaintiff fails to establish any connection between the suspension of her Washington State operators license and the actions of Officers Engstrom, Bender, Haskins, or Conway. Indeed, even if Plaintiff could establish that the Seattle Defendants issued her citations, her license suspension was not connected to the citations but to the determination of the Department that Plaintiff should submit to a medical examination. None of the Seattle Defendants have any connection to Plaintiff's license suspension or any other allegation of constitutional violation and for these

DEFENDANTS MOTION FOR SUMMARY JUDGMENT No. 2:19-cv-00868-MJP

6

FREIMUND JACKSON & TARDIF, PLLC
900 SW 16TH STREET, SUITE 215
RENTON, WA 98057
TELEPHONE: (206) 582-6001
FAX: (206) 466-6085

1 and all the above reasons, the City and the individual Defendants ask the Court to grant their

2 motion for summary judgment and to dismiss Plaintiff's Complaint in its entirety.

    DATED this 29th day of June 2020.

s/ Gregory E. Jackson
GREGORY E. JACKSON, WSBA #17541
Freimund Jackson & Tardif, PLLC
900 SW 16th Street, Suite 215
Renton, WA  98057
Telephone: (206) 582-6001
gregj@fjtlaw.com
Attorney for Seattle Police Department, Detective Jon Engstrom, Officer Jason Bender, Officer Patrick Haskins, and Officer B. Conway

DEFENDANTS MOTION FOR SUMMARY JUDGMENT No. 2:19-cv-00868-MJP

7

FREIMUND JACKSON & TARDIF, PLLC
900 SW 16TH STREET, SUITE 215
RENTON, WA 98057
TELEPHONE: (206) 582-6001
FAX: (206) 466-6085

**CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the Court through ECF Filing System and served on all parties or their counsel of record a copy of this document addressed as follows:

Carolyn H. Malone
910 Marion Street, Apt. 505
Seattle, WA  98104

Plaintiff Pro Se

☐ King County E-service
☒ U.S. Mail Postage Prepaid
☒ ABC/Legal Messenger
☐ Email

DATED this 29th day of June 2020, at Renton, Washington.

s/Kathie Fudge
KATHIE FUDGE, Legal Assistant to
Freimund Jackson & Tardif, PLLC
900 SW 16th Street, Suite 215
Renton, WA  98057
Telephone: (206) 582-6001
kathief@fjtlaw.com

DEFENDANTS MOTION FOR SUMMARY JUDGMENT No. 2:19-cv-00868-MJP

8

FREIMUND JACKSON & TARDIF, PLLC
900 SW 16TH STREET, SUITE 215
RENTON, WA  98057
TELEPHONE: (206) 582-6001
FAX: (206) 466-6085