UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLYN H. MALONE,<br><br>                Plaintiff,<br><br>    v.<br><br>SEATTLE POLICE DEPARTMENT, et al.,<br><br>                Defendants. | CASE NO. C19-868 MJP<br><br>ORDER ON MOTION FOR SUMMARY JUDGMENT |

The above-entitled Court, having received and reviewed:

1. Defendants' Motion for Summary Judgment (Dkt. No. 25),

2. Plaintiff's responsive briefing (Dkt. Nos. 38, 42)[1],

3. Defendants' Reply in Support of Summary Judgment (Dkt. No. 37),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

---

[1] Plaintiff's second responsive briefing (essentially, an unauthorized surreply) was not filed in accordance with either federal procedural rules or the Local Rules of this district; nevertheless, in consideration of her *pro se* status and in the interest of allowing her the opportunity to present whatever evidence and argument she could in support of her case, the Court has considered all her submissions.

ORDER ON MOTION FOR SUMMARY JUDGMENT - 1

1  IT IS ORDERED that the motion is GRANTED; Plaintiff's claims are DISMISSED with
2  prejudice.

**Background**

Plaintiff has filed a complaint alleging that Defendants (Seattle Police Department ["SPD"] and Officers Engstrom, Bender, Haskins and Conway) "arbitrarily and without 'just cause' and 'due process' suspended my driver license for five years without any prior formal written or courier delivered notification." Dkt. No. 3, Complaint, § III.D, at 6. Plaintiff claims that Defendants "used their law enforcement skills, technology, and records access to alter my driving records" and accuses "Seattle police officers and Seattle fire fighters [of] the violation of my civil rights by terminating my driving rights for an extreme five years." Id. at 10, 11. Plaintiff claims a violation of her constitutional rights by the Defendants and seeks relief under § 1983. Id. at 3.

Defendants submitted as evidence discovery provided by Plaintiff in her initial disclosures, a driving abstract reflecting that (1) none of the citations or infractions on the document were issued by any of the Defendants and (2) the reason listed on the abstract for the suspension of her license was "Failed to submit medical evaluation." Dkt. No. 26, Decl. of Jackson, Ex. 1.

**Discussion**

<u>Standard of review</u>

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which

the nonmoving party has the burden of proof.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."); Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

Plaintiff cannot rest on her pleadings but is required, in the face of a summary judgment motion, to come forward with evidence in the form of affidavits, depositions, and admissible documents showing there are genuine issues of material fact for trial.  Celotex, 477 U.S. at 324.  Failure to come forward with such evidence will result in judgment to the moving party as a matter of law.  Id. at 323.

Motion for Summary Judgment

A plaintiff pursuing § 1983 relief against a municipality such as the City of Seattle (or one of its departments) must "identify a municipal policy or custom that caused [her] injury." Bd. of County Comm'rs v. Brown, 250 U.S. 397, 403 (1997)(*citing* Monell v. Dept. of Soc. Svcs., 436 U.S. 658, 694 (1978)).  There are three ways a plaintiff may establish municipal liability under Monell: (1) when official policies or established customs create a constitutional injury; (2) when omissions or failure to act equate to a policy of deliberate indifference to constitutional rights; or (3) when a local government official possessed of final policy-making

1 authority ratifies a subordinate's unconstitutional conduct. Clouthier v. County of Contra Costa,
2 591 F.3d 1232, 1249-50 (9th Cir. 2010).

3 The Court agrees with Defendants that "Plaintiff's response fails to identify any municipal policy, custom, or practice, that caused or contributed to the suspension of her Washington State vehicle operator's license" (Dkt. No. 37, Reply at 2), and that such failure means that Plaintiff cannot assert a § 1983 Monell claim against the City or SPD. The evidence before the Court establishes only that that Plaintiff's license was suspended because she failed to submit a medical evaluation required by the Washington State Department of Licensing. Without evidence that an SPD policy, custom, or practice was a contributing factor in the Department of Licensing's suspension decision, Plaintiff's claim against the City must be dismissed.

Nor has Plaintiff come forward with any evidence to support her claims against the individual officers. She presents nothing beyond her own speculative and conclusory statements to support her allegations that the officers violated her constitutional rights or that they contributed in any way to the Department of Licensing's decision to suspend her license. In the absence of any admissible evidence to support her allegations, the claims against the individual Defendants must be dismissed as well.

**Conclusion**

Plaintiff has failed to respond with admissible evidence to Defendants' assertion that there is no basis for her lawsuit against them. Lacking any proof that might establish a genuine issue of material fact for trial, Plaintiff leaves the Court no alternative but to find that Defendants are entitled to summary judgment as a matter of law. Their motion will be granted, and Plaintiff's claims against them will be dismissed with prejudice.

1    The clerk is ordered to provide copies of this order to Plaintiff and to all counsel.

2    Dated August 26, 2020.

*[signature]*

Marsha J. Pechman
United States Senior District Judge